**95-274.** State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of relator's motion for order extending entry of February 10, 1995 to cover new case, *Konold v. Star Bank, N.A.*, Hamilton County Court of Common Pleas case No. A95–00513, and motion for leave to intervene by William A. Thurner et al., and motion for leave to intervene by Star Bank, N.A.,

IT IS ORDERED by the court that the motions be, and the same hereby are, granted, effective February 22, 1995.

**95-274.** State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. On February 10, 1995, this court issued an alternative writ, stayed further proceedings in the Hamilton County Court of Common Pleas, and denied relator's request to vacate preliminary orders. On February 15, 1995, intervenors William A. Thurner, Howard Thiemann, and the Estate of Arthur Dohme ("intervenors") filed a motion seeking clarification of the entry issued February 10, 1995. Intervenors request clarification that the action in the Hamilton County Court of Common Pleas is stayed in precisely the same posture as it existed on February 10, 1995, and that the temporary restraining order issued therein shall not expire in accordance with its terms on February 16, 1995. In the alternative, intervenors move for a temporary injunction barring relator from drawing funds from intervenors' letters of credit. Upon consideration of intervenors' motion for clarification and alternative motion for temporary injunction,

IT IS ORDERED by the court, effective February 23, 1995, that intervenors' motion for temporary injunction is granted, conditioned upon the filing of a bond, in the amount of one million dollars, in accordance with App.R. 7(B).

IT IS FURTHER ORDERED by the court that intervenors notify this court if bond is posted as ordered above.

IT IS FURTHER ORDERED that if the requisite bond is not posted, the motion for clarification and motion for temporary injunction are denied.

Pfeifer, J., would continue the stay.

Cook, J., would deny the motions.

**95-342.** State v. Reimsnyder. *Erie County*, No. E–93–71. This cause is pending before the court as a discretionary appeal and cross-appeal and claimed appeals of right. Upon consideration of appellant/cross-appellee's motion for stay of proceedings pending hearing to be conducted in the trial court on appellant/cross-appellee's motion to dismiss,

IT IS ORDERED by the court that the motion be, and the same hereby is, granted, effective February 22, 1995.

Wright and Resnick, JJ., not participating.

## MISCELLANEOUS DISMISSALS

**95-355.** Cincinnati v. Durham. *Hamilton County*, Nos. C–940159, C–940160 and C–940161. Appellant has filed an untimely appeal of the court of appeals' decision entered on December 30, 1994. In that appellant has failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1),

IT IS ORDERED by the court, *sua sponte*, that this case be, and hereby is, dismissed for lack of jurisdiction.